IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD WAYNE LEWIS,**

    Plaintiff,

v.                                                                     Civil Action No. **3:10CV894**

**DIVISION OF CHILD SUPPORT ENFORCEMENT,**

    Defendant.

## MEMORANDUM OPINION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

In his complaint, Lewis alleges:
> I sign for a child that was not mine and a D.N.A[.] test will prove this. I've been trying to get a D.N.A. test since 1987 to prove this. Child Support Enforcement told me I had to file with the Court to get D.N.A. test. So since I'm still in prison I'll [sic] better do this now to know the truth about this ongoing problem[.] I was only 16 to 17 year [sic] old when I sign those papers and know the truth about this[.] Yes I was young and dumb back then but the child should know the truth who [sic] his father is. Child Support Enforcement has said I owe over $44,000 dollar [sic] in arrears being [sic] done time in state and federal prison for over (8) eight years so what ever took for [sic] child support when they find out the truth with the D.N.A. test result I would like the $10,000 dollars return [sic] to me.

2

> (Compl. 4.)[1] Lewis names the Division of Child Support Enforcement as the sole defendant. Lewis demands $10,000.00 in damages.
>
> **Analysis**
>
> In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Lewis names the Division of Child Support Enforcement as the sole defendant. However, the Division of Child Support Services is not a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
>
> Moreover, Lewis's claims challenging the paternity of a child and child support payments and seeking a DNA test raise issues of state law. *See Taylor v. Va. Div. of Child Support Enforcement*, No. 1:10cv803, 2010 WL 7920624, *1 (E.D. Va. July 22, 2010). Lewis identifies no constitutional violation or violation of federal law.
>
> Accordingly, it is RECOMMENDED that the action be DISMISSED WITH PREJUDICE for failure to state a claim.

(Apr. 26, 2013 Report and Recommendation (alterations and omission in original).) The Court advised Lewis that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Lewis has filed one objection. (ECF No. 20.)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

---

[1] The Court employs the pagination assigned by the Court's CM/ECF docketing system to Lewis's Complaint. The Court corrects the capitalization in the quotations to Lewis's Complaint.

3

*Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III.  LEWIS'S OBJECTION

In his Objection, Lewis simply contends that "the case is several years old so trying to get names of the person or persons in the Division of Child Support Enforcement who denied me my right to D.N.A. in 1987 on up to 2013 could not be provided to me." (Pet'r's Obj. 1 (capitalization corrected).) Lewis fails to identify a specific error in the Magistrate Judge's proposed finding. As the Magistrate Judge previously informed Lewis, a defendant must qualify as a "person" under § 1983. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Moreover, as noted by the Magistrate Judge, Lewis fails to identify a violation of the Constitution or federal law.

Accordingly, Lewis's Objection will be OVERRULED and the Report and Recommendation will be ACCEPTED AND ADOPTED. Plaintiff's claims will be DISMISSED WITH PREJUDICE and the action will be DISMISSED. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 9-23-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge